Raisa Andreevna **SABLINA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–71122.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 11, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, J. Scott Watson, Federal Deposit Insurance Corporation, Christopher C. Fuller, William C. Minick, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Raisa Andreevna Sablina, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995), and we grant the petition and remand.

■ Sablina testified that, on three separate occasions, she suffered harm directly at the hands of government officials. In addition, Sablina presented evidence that the police were unwilling or unable to control Cossacks after they beat her on one occasion, beat her pastor on another occasion, and threatened her over the phone. Further, after she filed a complaint about the Cossacks threats, the police indicated that the Cossacks were active voluntary assistants of law enforcement. Accordingly, the IJ's finding that Sablina failed to establish that the harm she experienced was committed by the government or forces the government is unable or unwilling to control is not supported by substantial evidence. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1121 (9th Cir.2004) (petitioner provided sufficient evidence to show that the government was unable or unwilling to control her persecutors); *Surita v. INS*, 95 F.3d 814, 819–20 (9th Cir.1996) (in cases of nongovernmental persecution, this court considers whether an applicant reported the incidents to police, because in such cases a report of this nature may show governmental inability or unwillingness to control the actors).

■ Because every incident complained of occurred on account of Sablina's Baptist faith substantial evidence does not support the IJ's nexus finding. *See Gafoor v. INS*, 231 F.3d 645, 650–51 (9th Cir.2000).

Because the IJ did not fully consider whether Sablina suffered past persecution, we grant the petition as to Sablina's asylum and withholding claims and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ Sablina failed to exhaust her CAT claim before the BIA. Thus, this court lacks jurisdiction to review it. *See Vargas v. U.S. Dept. of Immigration and Natural-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*ization,* 831 F.2d 906, 907–08 (9th Cir. 1987).

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

